IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANNA PRITZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-13-575-HE |
| ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for benefits under the Social Security Act. This matter was referred for hearing, if necessary, and for the submission of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and Fed. R. Civ. P. 72(b). The administrative record (Tr.) has been filed, and the appeal has been fully briefed and is ready for disposition. For the reasons set forth below, the undersigned recommends the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

A court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Mays v. Colvin,* 739 F.3d 569, 571 (10th Cir. 2014). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). The court will consider whether the ALJ followed the specific rules

of law that must be followed in weighing particular types of evidence in disability cases, but will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Id.*; *Bales v. Colvin*, Case No. 13-5147, __ Fed. Appx. __, 2014 WL 3973515 (10th Cir. Aug. 15, 2014). Finally, the court will consider waived all "unspecific, undeveloped, and unsupported" arguments. *Tietjen v. Colvin,* 527 F. App'x 705, 709 (10th Cir. 2013).

## I. THE ALJ'S DECISION.

In a decision issued on November 1, 2011, the administrative law judge (ALJ) found that Plaintiff was not disabled under the Social Security Act and therefore not entitled to benefits. (Tr. 21-39). The ALJ found Plaintiff to have the following severe impairments: left cerebral vascular accident, a vision limitation of the right eye, a left vertebral artery occlusion, an anxiety disorder, and an affective disorder. (Tr. 23). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 23-24). Upon continuing the sequential analysis, the ALJ found Plaintiff to have the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that the claimant is limited as to stooping as she is only able to occasionally bend forward at the wai[s]t; as to kneeling as she is only occasionally able to bend at the knees and come to rest on the knees; and as to crouching as she is only able to occasionally to bend downward by bending legs and spine. The claimant's depth perception is limited as she has an inability to judge distances and spatial relationships and her field of vision is

> limited as she has an inability to observe an area while the eyes are fixed on a given point. A job performed by the claimant must require no reading or use of near acuity for more than 45 minutes and no extended use of writing instrument. The claimant is able to able [sic] to sustain concentration necessary for unskilled work; is able to work in relative isolation with limited contact with peers, supervisors, and the general public; and requires work with no exposure to unprotected heights or dangerous machinery.

(Tr. 25). Based on this RFC, the ALJ found that Plaintiff could not perform any of her past relevant work: admit clerk, data entry clerk, secretary, receptionist, or billing clerk. (Tr. 32). However, at step five, the ALJ found that Plaintiff could perform other jobs existing in the national economy. (Tr. 33). In reaching this finding, the ALJ relied on the testimony of a vocational expert (VE) and, as a framework, the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. (Tr. 33). The VE identified the following representative jobs that a person with Plaintiff's RFC and vocational factors could perform: information clerk, charge account clerk, and addressing clerk. (Tr. 33). Thus, at step five of the sequential analysis, the ALJ found that Plaintiff was not disabled and therefore not entitled to benefits. (Tr. 33-34).

## II.    ERRORS ALLEGED ON APPEAL

In this appeal, Plaintiff alleges that the ALJ erred in finding at step five that there is other work she can perform. Plaintiff's Opening Brief, 9; ECF No. 15:9. First, she claims that the jobs of information clerk and charge account clerk require a very significant amount of public contact, which is inconsistent with the ALJ's RFC finding that she was limited to work performed in relative isolation with limited public contact.

ECF No. 15:9. Second, she contends that the job of addressing clerk should have been precluded by the RFC restriction of no reading or near visual acuity for more than 45 minutes. ECF No. 15:10. Thus, she claims that the VE's testimony was inconsistent with the Dictionary of Occupational Titles for all three jobs, and it was therefore error for the ALJ not to obtain a reasonable explanation for the conflict. ECF No. 15:11.

Although the Commissioner agrees that the ALJ did not specifically question the VE about the differences between his testimony and the Dictionary of Occupational Titles (DOT), she argues that the error was harmless. Brief in Support of Commissioner's Decision, 3; ECF No. 16:3. The Commissioner notes that the ALJ made an "independent" determination that the vocational expert testimony was consistent with the information in the DOT. ECF No. 16:3.

The Commissioner concedes that the ALJ must normally ask the VE how his or her testimony corresponds to the DOT, but relies on the Tenth Circuit's decision in *Haddock v. Apfel,* 183 F.3f 1225 (10th Cir. 1999) to the effect that the DOT does not "trump" the testimony of the VE. ECF No. 16:3-4. Furthermore, the Commissioner contends that the ALJ's failure to investigate or elicit a reasonable explanation for any conflict with the DOT was harmless.

The undersigned disagrees with the Commissioner's conclusion that the ALJ's error was harmless. The colloquy with the VE is instructive on this point. The ALJ's first hypothetical to the VE was as follows:

> For the first hypothetical I have for you Dr. Bartlett involves
> a 36 year old individual who has accomplished a high school

4

> education. Who possesses the strength to perform a wide range of light work. There are some instructions [sic] of generalized weakness and fatigue that will limit this to only occasional stooping, kneeling, crouching.
>
> I want to try to express these vision limitations. First of all in the area of depth perception, when the DOT defines depth perception they talk about an inability to judge distances and spatial relationships, this essentially to me means just limits in seeing items coming up from the side and having to process objects and items or people coming up from the side right or left.
>
> ...
>
> Additionally there would be, and this is another vision limitation, there would be no reading or use of near acuity or detailed instructions for more than 45 minutes at a time.
>
> ...
>
> And finally Dr. Bartlett, there would be no extended use of a writing instrument such as a pen or pencil for an extended period. There would be no limitations in terms of using electronic machinery, cashiers, cash machines, and those sorts of things.
>
> ...
>
> Now further non exertional limitations, this individual would possess the concentration necessary for unskilled work, for SVP 2 work, would require in relative isolation with limited contact with superiors, coworkers and members of the general public.

(Tr. 63-64). In response to this hypothetical, the VE identified the three jobs referenced earlier: information clerk, charge account clerk, and addressing clerk. (Tr. 64-65).

The ALJ then posed this hypothetical:

> The next hypothetical I want you to consider assumes the same vocational background, however this individual first of

5

> all would be unable to perform work activities on a regular and continuous basis eight hours a day, five days a week due to generalized fatigue and weakness. In the area of new [sic] acuity there would be no clarity of vision at 20 inches or less for extended periods. Furthermore this individual would have a diminished ability to interact or [INAUDIBLE] with superiors, coworkers and the general public in a consistent fashion.
>
> Given these factors would any work be available?

(Tr. 65). The VE answered that no work would be available under this hypothetical. (Tr. 65).

Plaintiff's attorney then asked the VE "if any of the identified jobs would allow the individual to work for essentially 45 minutes at a time and stop for an unknown period of time before they could resume work?" (Tr. 65-66). The VE responded that the jobs of charge account clerk and addressing clerk would not be available under this hypothetical. (Tr. 66). Plaintiff's attorney then expressed confusion, stating that his "ultimate question was, is would the job as a charge account clerk and addressing clerk allow the person to work for 45 minutes at a time before an unexpected break took place, and apparently I was misunderstanding the [VE]." (Tr. 66). At this point, the ALJ interjected:

> Let me just read from my notes again and you can ask if you want to. This is hypothetical one, this is one of several limitations, there would be no reading or the use of near acuity for more than 45 minutes at a time. And no extended use of writing instrument, pens or pencils for an extended amount of time.

(Tr. 67). The VE responded "Yes. My testimony remains the same." The VE does not state the testimony he is referring to—his answer to the ALJ's hypothetical, or Plaintiff's hypothetical.

As Plaintiff notes, the job of addressing clerk requires the constant use of near visual acuity. ECF No. 15:10 (citing DOT 209.587-010). The VE's testimony appears to be inconsistent with the DOT for addressing clerk. Thus, the undersigned finds that the ALJ's failure to explore this apparent inconsistency with the DOT is not harmless error.

The other two jobs identified by the VE, information clerk and charge account clerk, involve a very significant amount of public contact according to the DOT. The ALJ's hypothetical included a limitation of diminished ability to interact with supervisors, coworkers, and the general public in a consistent fashion. (Tr. 65). According to the DOT, the job of information clerk and charge account clerk involve a very significant amount of public contact by their very nature. DICOT, 205.367-014, 1991 WL 671715; 237.367-046, 1991 WL 672194. Despite this apparent inconsistency with the DOT, the ALJ did not explore the reasons why these jobs would still be available despite their descriptions. Thus, the undersigned finds that this matter should be remanded

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **December 4, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on November 20, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE